IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Motile Optics, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.  6:15-cv-1052 |
| v. | § | |
| | § | |
| **Naxa Electronics, Inc.** | § | |
| | § | **JURY TRIAL** |
| Defendant. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Motile Optics, LLC, ("Plaintiff" or "Motile"), by and through its undersigned counsel, for its Complaint against Defendant Naxa Electronics, Inc., ("Defendant") makes the following allegations.  These allegations are made upon information and belief.

**NATURE OF THE ACTION**

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,047,223 ("the '223 Patent").

**PARTIES**

2. Plaintiff Motile Optics, LLC is a Texas limited liability company with its principal office located in Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

3. Defendant Naxa Electronics, Inc., is a Corporation incorporated under the laws of the State of California and has an office and principal place of business at 2320 E 49TH ST, Vernon, Ca 90058.

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or specifically over the Defendant (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. At a minimum, upon information and belief, Defendant have offered for sale, both over the internet and/or at various retail stores such as Best Buy and WalMart in this district, consumer electronic products that infringe on one or more claims of the '223 Patent.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, at a minimum, Defendant is subject to this Court's personal jurisdiction in that the acts and transactions including the sale of consumer electronic products, which incorporate the technology covered by the patents identified herein through the State of Texas and this district.

## FACTS

8. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,047,223 ("the '223 Patent"), entitled "Electronic computer having a magneto-optic unit," which was duly and legally issued on April 4, 2000, by the United States Patent and Trademark Office.

9. A copy of the '223 Patent is attached to this Complaint as Exhibit A.

10. The claims of the '223 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('223 PATENT)

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Defendant makes, has made, sells, offers for sale, use and/or imports into the United States consumer electronic products, namely digital disc playback devices, including without limitation the products having the following model numbers: NPD-703, NPD-952, NPD-1003, NPD-704, NDL-252, NDL-254, NDL-255, NDL-256, NDL-257 - Portable DVD Players (the "Accused product(s)").

13. Each Accused Product(s) is a consumer electronics device comprising a central processing unit (CPU), memory connected to the CPU for storing data and programs, and a compact disk (CD) reading unit connected to the CPU for reading data pre-recorded on a removable disk of different types (e.g. CD, DVD, Blu-Ray, etc.).

14. Each of Defendant's Accused Product infringes on at least Claim 1 of the '223 patent.

15. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '223 patent.

16. As a direct and proximate result of Defendant's infringement of the '223 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '223 Patent;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '223

Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

    C.    For such other and further relief as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

DATED:  November 25, 2015        Respectfully submitted,

*/s/ Rasheed McWilliams*
Rasheed M. McWilliams
CA Bar No. 281832
rasheed@cotmanip.com
Daniel Cotman
CA Bar No. 218315
dan@cotmanip.com
Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX (626) 316-7577